IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PATRICK HENDERSON; CHRISTINE HENDERSON; ANGELA M. PEYTON; JASON A. HENDERSON,<br><br>        Plaintiffs,<br><br>        v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS; OREGON DEPARTMENT OF HUMAN RESOURCES,<br><br>        Defendants. | Civ. No. 6:22-cv-00090-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge:

In this action, *pro se* plaintiffs Patrick Henderson, Christine Henderson, Angela M. Peyton, and Jason A. Henderson seek leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiffs also move for appointment of pro bono counsel. ECF No. 3. For the reasons set forth below, Plaintiffs' Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs' Motion to Appoint Pro Bono Counsel, ECF No. 3, is DENIED with leave to refile. The Court defers ruling on Plaintiffs' IFP petition pending submission of an amended complaint.

LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

1.   OPINION AND ORDER

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

2.  OPINION AND ORDER

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

On January 18, 2022, plaintiffs filed a complaint against the Office of Administrative Hearings ("OAH") and the Oregon Department of Human Resources ("ODHR"), together, defendants. It might be possible that plaintiffs intended to name the Oregon Department of Human Services, the state agency charged with managing social programs and benefits. If that is true, plaintiffs will have leave to amend their Complaint. However, the Court will refer to the defendants as named by plaintiffs.

The facts alleged to underly this action are that defendants evicted Patrick Henderson ("Patrick"), the lead plaintiff in this case, from a nursing home for nonpayment. Plaintiffs allege that Patrick was transported from the nursing home to a group home that was not appropriate for his diagnosis. Plaintiffs further allege that Patrick's medical supports, such as his bed, were not transferred with him, and that plaintiffs had to scramble to get Patrick's needs met. The details are not clear from plaintiffs' allegations, but OAH and became involved in the resolution Patrick's nursing home eviction and relocation and decided the case unfavorably to plaintiffs.

3.   OPINION AND ORDER

Liberally construed, plaintiffs challenge the OAH hearing process and procedures. For example, plaintiffs contend that the time allotted for hearings is too long or is set too far out in advance. Compl. at 5. Plaintiffs also contend that OAH judges tamper with evidence, deplete plaintiffs' cell phone minutes by holding long hearings, and render illegal nonfavorable judgments. *Id*. at 4-5, 8.

Plaintiffs also name, in the body of the Complaint, Jane Ellen, a person who plaintiffs allege works "within" ODHR, and who plaintiffs assert "embezzle[ed] Medicare and Medicaid money," and who conspired with a nurse to "murder" plaintiffs' father.

As the basis the Court's jurisdiction, plaintiffs allege "qui tam whistle blowing," "not accommodating a person with disabilities," "influence and corrupt organization," and "breach of civil rights, personal injury, assault, [libel and] slander." *Id*. at 3. Plaintiffs ask the Court to fine OAH judges $5,000 for "illegal procedure," declare that hearings cannot exceed fifteen minutes, reimburse plaintiffs for phone bills, and "close down" OAH. *Id*. at 6, 7, 14.

### I.   *Failure to State a Claim*

Plaintiffs' Complaint does not set out separate claims for relief. It is unclear to the Court what role each defendant had in any of the alleged violations of law. Concerning those alleged legal violations, plaintiffs do not set forth facts sufficient to understand what, in plaintiffs' view, happened that caused the harm alleged. Additionally, plaintiffs do not explain how defendant ODHR is responsible for any of the violations listed in plaintiffs' Complaint.

4.   OPINION AND ORDER

Plaintiffs' allegations of "qui tam whistle blowing," "not accommodating a person with disabilities," "influence and corrupt organization," and "breach of civil rights, personal injury, assault, [libel and] slander," are legal conclusions for which plaintiffs have not alleged "sufficient factual matter" to state a claim for relief that is "plausible." *Iqbal*, 556 U.S at 678 (2009).

For each of those claims, plaintiffs must include a "short and plain statement of the claim." *Id.* Also, for each claim, the facts plaintiffs allege should allow the Court to draw the reasonable inference that the named defendants, OAH and ODHR, are liable for the misconduct alleged.

For example, it is insufficient to allege "breach of civil rights." Compl. at 3. In that example, plaintiffs must provide the Court with clear and concise facts describing what specifically happened, how plaintiffs' civil rights were violated, how plaintiffs were harmed, and the role each defendant had in violating plaintiffs' rights. Plaintiffs should provide the court with concise facts for each legal claim raised and for each defendant named in the Complaint.

## II.  *Absolute Judicial Immunity*

The named defendant OAH "employs judges to hear" claims arising under administrative law. *Id.* at 2. The body of the Complaint mentions "ODHS Judges," "Judge Halpert," and "Judge Dryer." *Id.* at 4. In addition to the claims plaintiffs listed as the basis for the Court's jurisdiction, plaintiffs also allege that OAH judges took "foodstamps away" from plaintiffs and "ignored pleas to turn on those benefits" for plaintiffs. *Id.* at 5.

5.    OPINION AND ORDER

Judges are entitled to absolute immunity "from damages for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)). The only time a judge loses absolute immunity is "when he [or she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id.* (citations omitted). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.*

Here, plaintiffs' allegations against the above-named judges appear to concern acts taken within the jurisdiction of their courts, such as setting the time and place for hearings, and making findings of fact and conclusions of law. Further, though plaintiffs allege such things as assault, personal injury, slander, and libel, those allegations are completely lacking in factual content such that the Court is unable to determine whether plaintiffs' claims are barred by absolute judicial immunity.

Plaintiffs have leave to amend their complaint. In doing so, plaintiffs are admonished, however, that any allegations concerning actions taken by OAH judges in their judicial character and in the course and scope of their jurisdiction will be subject to dismissal with prejudice.

### III.   *Sovereign Immunity*

It is not clear from the complaint whether ODHR is state agency and part of the State of Oregon's Department of Human Services. If ODHR is a state agency, the Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal

6.    OPINION AND ORDER

legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993).

If plaintiffs decide to amend their Complaint, plaintiffs should allege whether ODHR is a state agency and whether Congress has abrogated the state's immunity from suit for the violations plaintiffs have alleged.

### IV.   *Subject Matter Jurisdiction*

The Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a criminal case).

Here, to the extent that plaintiffs allege that any of defendants' actions are criminal and violate federal criminal statutes involving racketeering, embezzlement, corruption, assault, conspiracy, or murder, the Court does not have jurisdiction to hear those claims.

### V.   *Appointment of Counsel*

Finally, the Court declines to appoint counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to

7.    OPINION AND ORDER

appoint pro bono counsel as plaintiff has failed to state a claim. Plaintiff may renew his motion for appointment of counsel when he files his amended complaint.

In the light of the deficiencies described above, the plaintiffs have failed to state a claim and the Complaint must be dismissed. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and plaintiffs will therefore be given leave to file an amended complaint.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint. Failure to do so within the allotted time will result in dismissal of this action.

It is so ORDERED and DATED this  23rd  day of February 2022.

/s/Ann Aiken
ANN AIKEN
United States District Judge

8. OPINION AND ORDER