# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| PATRICK HENDERSON; CHRISTINE HENDERSON; ANGELA M. PEYTON; JASON A. HENDERSON,<br><br>        Plaintiffs,<br><br>        v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS; OREGON DEPARTMENT OF HUMAN RESOURCES,<br><br>        Defendants. | Civ. No. 6:22-cv-00090-AA<br><br>**OPINION & ORDER** |

AIKEN, District Judge:

In this action, *pro se* Plaintiffs Patrick Henderson and Christine Henderson[1] seek leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. The Court previously deferred ruling on Plaintiffs' IFP Petition and dismissed Plaintiffs' Complaint, ECF No. 1, with leave to amend. *See* ECF No. 6 (Opinion and Order). The Court also denied Plaintiffs' Motion to Appoint Pro Bono Counsel, ECF No. 3, with leave to refile. ECF No. 6. For the reasons set forth below, Plaintiffs' Amended Complaint, ECF No. 7, is DISMISSED without further leave to amend. Final Judgement shall be entered accordingly.

---

[1] Plaintiffs' original Complaint named Angela M. Peyton and Jason A. Henderson as Plaintiffs but both individuals are omitted from the Amended Complaint.

1. OPINION AND ORDER

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2. OPINION AND ORDER

the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

On January 18, 2022, Plaintiffs filed their Complaint against Administrative Law Judges of the Office of Administrative Hearings ("OAH") and the Oregon Department of Human Resources ("ODHR"), together, Defendants. What facts the Court could glean from the Complaint are stated in its Order. ECF No. 6.

In its previous Order the Court determined: (1) Plaintiffs failed to state a claim upon which relief could be granted; (2) Defendant Administrative Law Judges of OAH were entitled to absolute judicial immunity; (3) if Defendant ODHR is a state agency, then it is entitled to sovereign immunity; and (4) to the extent that Plaintiffs "bring" criminal charges, the executive branch has exclusive authority to decide whether to prosecute a criminal case, rendering the Court without subject matter jurisdiction to

3.    OPINION AND ORDER

decide Plaintiffs' criminal complaints. ECF No. 6. Plaintiffs have failed to correct any of the deficiencies the Court described.

First, Court specifically noted that Plaintiffs did not "set forth facts sufficient to understand what, in [P]laintiffs' view, happened that caused the harm alleged." ECF No. 6 at 5. The Court stated:

> "Plaintiffs' allegations of 'qui tam whistle blowing,' 'not accommodating a person with disabilities," "influence and corrupt organization," and "breach of civil rights, personal injury, assault, [libel and] slander," are legal conclusions for which plaintiffs have not alleged "sufficient factual matter" to state a claim for relief that is "plausible." *Iqbal*, 556 U.S at 678 (2009)."

ECF No. 6 at 5.

The Court also stated that Plaintiffs must explain what role each Defendant had in any of the alleged violations of law, and for each of those claims, Plaintiffs must include a short and plain statement of the claim. ECF No. 6 at 5.

Also, for each claim, the Court admonished that Plaintiffs' allegations "should allow the Court to draw the reasonable inference that the named defendants, OAH and ODHR, are liable for the misconduct alleged." ECF No. 6 at 5. The Court provided an example for Plaintiffs, explaining,

> "it is insufficient to allege 'breach of civil rights.' Compl. at 3. In that example, plaintiffs must provide the Court with clear and concise facts describing what specifically happened, how plaintiffs' civil rights were violated, how plaintiffs were harmed, and the role each defendant had in violating plaintiffs' rights. Plaintiffs should provide the court with concise facts for each legal claim raised and for each defendant named in the Complaint.

*Id*. In submitting an Amended Complaint, Plaintiffs did not follow the Court's instructions on properly stating claims.

4. OPINION AND ORDER

Second, the Court explained that Judges are entitled to absolute immunity "from damages for judicial acts taken within the jurisdiction of their courts." ECF No. 6 at 6 (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)). The Court determined that Plaintiffs' allegations against the OAH judges concerned "acts taken within the jurisdiction of their courts, such as setting the time and place for hearings, and making findings of fact and conclusions of law." ECF No. 6 at 6. Plaintiffs have not corrected those deficiencies.

Third, in granting leave to amend, the Court expressly provided Plaintiffs the opportunity to determine whether they intended to name as a Defendant the Oregon Department of Human Services ("DHS"), the state agency charged with managing social programs and benefits. To the Court, DHS—rather than ODHR—appeared to be the likely agency involved with facts akin to those Plaintiffs attempted to allege. The Court also noted that Plaintiff must allege whether ODHR is a state agency and whether Congress had abrogated the state's immunity from suit for the violations Plaintiffs allege. Plaintiffs have not done so.

Last, the Court explained it had no subject matter jurisdiction to the extent that Plaintiffs had alleged that Defendants actions were criminal and violate federal criminal statutes involving racketeering, embezzlement, corruption, assault, conspiracy, or murder. ECF No. 6 at 7. In their Amended Complaint, Plaintiffs

5.   OPINION AND ORDER

restate those bare allegations, and thus do not correct the deficiencies the Court pointed out.

In the Amended Complaint, Plaintiffs assert what the Court liberally construes as an argument that OAH judges are not independent; make too much money; are prejudiced; are known to tamper with evidence; are disrespectful; hold hearings that are too long; have no conscience; make fraudulent and coerced rulings; embezzle the parties that present for hearings; are involved in racketeering; and take too long to schedule a hearing. ECF No. 7 at 3-6.

Plaintiffs alter or rearrange some allegations, but, in making the above assertions, Plaintiffs fail to amend the deficiencies the Court described in its previous Order.

The Court therefore DISMISSES Plaintiffs' Amended Complaint, ECF No. 7, for failure to state a claim. Plaintiffs have been given leave to amend with guidance from the Court, and this guidance has not resulted in a complaint that meets federal pleading standards. It appears that allowing amendment would be futile and dismissal shall therefore be without further leave to amend. *See Karim-Panahi*, 839 F.2d at 623 (explaining that *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment).

6.   OPINION AND ORDER

## CONCLUSION

For the reasons stated above, Plaintiffs' Amended Complaint, ECF No. 7, is DISMISSED without leave to amend. Plaintiffs' Petition to Proceed IFP is DENIED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this __6th__ day of July 2022.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge

7.    OPINION AND ORDER